780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
ALAN E. ZIMMER, Defendant-Appellant,
v.
UNITED STATES OF AMERICA, Plaintiff-Appellee.
 85-3534
 United States Court of Appeals, Sixth Circuit.
 11/15/85
 AFFIRMED
 N.D.Ohio
 ORDER
 
 1
 BEFORE: MERRITT and MARTIN, Circuit Judges; and JOHNSTONE, District Judge*.
 
 
 2
 Appellant appeals from the district court order denying his motion to vacate sentence made pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant presents two issues on appeal, the first of which is '[w]hether the district judge, sitting without a jury in a criminal trial should have recused himself when, in mid-trial, the defendant attempted to plead guilty before that district judge and made incriminating statements in the course of his attempted plea and the plea was not accepted.' This issue was raised for the first time in appellant's motion to vacate sentence. The standard of review for challenges to criminal convictions brought pursuant to 28 U.S.C. Sec. 2255, when those challenges were not raised at trial, is cause and actual prejudice. United States v. Frady, 456 U.S. 152 (1982). Appellant herein makes no showing of 'cause' that would excuse the procedural error of failing to move for disqualification of the trial judge prior to the Sec. 2255 proceeding, but assuming that he could establish 'cause,' his argument that he was actually prejudiced by the trial judge's failure to recuse himself must fail.
 
 
 4
 The two federal judicial recusal statutes, 28 U.S.C. Secs. 144 and 455 must be construed in pari materia. Disqualification must be predicated on extrajudicial conduct rather than judicial conduct. United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983). Appellant herein does not allege that the trial judge should have recused himself on the basis of personal bias, but bases his contention that the trial judge was biased because of the judicial proceedings over which the judge presided. Appellant fails to show that the trial court was personally biased against him. See In Re M. Ibrahim Khan, P.S.C., 751 F.2d 162 (6th Cir. 1984). Consequently, there is no showing of actual prejudice resulting from any actions of the trial judge.
 
 
 5
 Appellant's second argument is that the trial judge was prejudiced by evidence of an independent civil interpleader action not in evidence. The action to which appellant refers is reported as Bell & Beckwith v. United States, I.R.S., 766 F.2d 910 (6th Cir. 1985). The interpleader action was mentioned by one of the government's witnesses at trial in connection with testimony concerning certain involuntary tax payments made by appellant. The government's report to which reference was made during the testimony about the interpleader action was not the subject of an objection by appellant. The district court made one further reference to the interpleader action and was advised that the action was subject of an appeal. Again the appellant does not show cause for failure to object to the introduction of this report, Frady, supra, and he simply fails to show how reference to this action biased or prejudiced the trial judge.
 
 
 6
 For the foregoing reasons, it is ORDERED that the judgment of the district court be affirmed.
 
 
 
 *
 The Honorable Edward H. Johnstone, U.S. District Judge for the Western District of Kentucky, sitting by designation