**BOATMEN'S FIRST NATIONAL BANK OF KANSAS CITY, Plaintiff,**

v.

**Willie J. McCOY and Ray Evelyn Tate, Defendants.**

**No. 94–0541–CV–W–BC.**

United States District Court, W.D. Missouri, Western Division.

Aug. 23, 1994.

David Skeens, Morrison & Hecker, Overland Park, KS and Mark McGrory, Morrison & Hecker, Kansas City, MO, for plaintiff.

James W. Tippin, Tippin & Associates, Kansas City, MO, for defendant Willie McCoy.

No attorney for Ray Evelyn Tate—has not appeared yet.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

LARSEN, United States Magistrate Judge.

Before the court is plaintiff's motion to remand this action to the Circuit Court of Jackson County, Missouri, on the grounds that this court does not have subject matter jurisdiction over this interpleader action under either Federal Rule of Civil Procedure 22 or 28 U.S.C. § 1335. I find that defendant's § 1981 counterclaim cannot be a basis for federal jurisdiction since resolution of the state law claim of the validity of the Durable Power of Attorney against defendant Willie McCoy would obviate the need to determine the § 1981 claim; therefore, plaintiff's motion to remand is granted.

### I. BACKGROUND

On May 13, 1994, plaintiff Boatmen's First National Bank of Kansas City filed a petition for interpleader in the Circuit Court of Jack-son County, Missouri. Plaintiff's petition alleges that Washington and Piccola Brim had a checking account at Boatmen's Bank which listed Ray Evelyn Tate as the payee upon death. On January 27, 1993, Piccola Brim died. On March 17, 1994, defendant Willie McCoy presented himself to the Boatmen's Bank in Jackson County, Missouri, and requested that Boatmen's retitle the Brim account pursuant to a Durable Power of Attorney purportedly granted to McCoy by Washington Brim. Boatmen's was unable to verify the validity of the Durable Power of Attorney and therefore declined to retitled the Brim account. Two days later, Washington Brim died. At the time of Mr. Brim's death, his account contained $18,105.43. Subsequent to Mr. Brim's death, defendant Willie McCoy made demand on Boatmen's for the funds in the Brim account.

On the same day the petition for interpleader was filed, plaintiff sent a courtesy copy to Mr. James Tippin whom plaintiff knew to be defendant McCoy's attorney. Ten days later, on May 23, 1994, Mr. Tippin's law office sent a letter to plaintiff's counsel stating that "[t]his office has been instructed to have you serve Mr. Willie McCoy personally with reference to the Interpleader Action and Motion of your letter of May 13, 1994."

On June 8, 1994, defendant Willie McCoy filed a verified petition for removal. In his petition, defendant states that this court has jurisdiction pursuant to 28 U.S.C. § 1335 because the "amount in controversy exceeds $500.00 and the action is between citizens of different States" and because "Defendant Willie J. McCoy has potential claims against Plaintiff arising under the provisions of 42 U.S.C. § 1981." The following day, the first "Notice Upon Order for Service by Publication of Notice" was published in the Daily Record. On July 8, 1994, plaintiff filed the instant motion for remand, and on July 14, 1994, defendant Willie McCoy filed a counterclaim against Boatmen's alleging a violation of 42 U.S.C. § 1981.

### II. MOTION FOR REMAND

In its motion for remand, plaintiff argues that this court does not have subject matter

jurisdiction under Rule 22 since the amount in controversy is less than $50,000, or under 28 U.S.C. § 1335 since that statute requires diversity of citizenship between two or more of the defendant/claimants and both defendants in this case are residents of Arkansas. Plaintiff further argues that defendant's potential counterclaim under § 1981 does not create federal jurisdiction.

Defendant McCoy, in his response, argues that removal is appropriate if the federal court would have had jurisdiction in a coercive action by the defendant, and that in this case, defendant's coercive action includes a § 1981 claim which is a federal question.

Plaintiff filed a reply on July 29, 1994, stating that in the cases cited by defendant, the coercive action is a claim to the interpleader funds, not, as in this case, a counterclaim which merely arises from events also related to the interpleader action.

### III. REMOVAL OF INTERPLEADER ACTION

Defendant's verified petition for removal states that federal jurisdiction exists pursuant to 28 U.S.C. § 1335 (statutory interpleader) and 28 U.S.C. § 1331 (federal question jurisdiction).[1]

■ The Federal Interpleader Act, 28 U.S.C. § 1335, requires that two or more of the adverse claimants to the interpleaded funds be "of diverse citizenship as defined in section 1332 of this title." Absent diversity of citizenship between two or more adverse claimants, this court lacks jurisdiction under the interpleader statute. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967). Diversity cannot be established under the interpleader statute by the presence of the non-Arkansas plaintiff since it claims no interest in the disputed funds. *Lummis v. White,* 629 F.2d 397, 402–403 (5th Cir.1980), *rev'd on other grounds sub nom. Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982). In this case, both claimants to the fund, defendant Willie McCoy and defendant

Ray Evelyn Tate, are residents of the State of Arkansas. Therefore, the diversity requirement of statutory interpleader has not been met in this case.

■ Rule 22 of the Federal Rules of Civil Procedure provides that persons having claims against the plaintiff may be joined as defendants and required to interplead their claims when their claims may subject the plaintiff to multiple liability. Unlike the interpleader statute which grants district courts original jurisdiction, the interpleader rule is merely a procedural device and does not grant this court subject matter jurisdiction. *Commercial Union Insurance Company v. United States,* 999 F.2d 581, 584 (D.C.Cir.1993); *Morongo Band of Mission Indians v. California State Board of Equalization,* 858 F.2d 1376, 1382 (9th Cir.1988), *cert. denied,* 488 U.S. 1006, 109 S.Ct. 787, 102 L.Ed.2d 779 (1989); *Bell & Beckwith v. United States,* 766 F.2d 910, 914 (6th Cir.1985); *see* Fed.R.Civ.P. 82 (federal rules shall not be construed to extend or limit subject matter jurisdiction). Accordingly, an interpleader action under Rule 22 must fall within some statutory grant of jurisdiction. *St. Louis Union Trust Co. v. Stone,* 570 F.2d 833, 835 (8th Cir.1978).

Section 1332 requires an amount in controversy exceeding $50,000, along with complete diversity. Although the plaintiff and defendants are residents of different states, the amount in controversy here is $18,105.43 which is less than $50,000. Therefore, the jurisdictional amount has not been met and this court has no jurisdiction pursuant to 28 U.S.C. § 1332.

■ Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Supreme Court has explained that an action arises under federal law if that law creates the cause of action or if a substantial question of federal law is a necessary element of the plaintiff's cause of action. *Franchise Tax Board v. Construction Laborers Vaca-*

---

**1.** Defendant's petition does not specifically cite § 1331. However, it states that jurisdiction arises under 42 U.S.C. § 1981 which is the "coercive action" creating federal question jurisdiction for Rule 22 interpleader.

*tion Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). In addition, it is well-settled that the federal-law element must appear on the face of the plaintiff's well-pleaded complaint and not on speculation as to a defense to the plaintiff's claim. *Id.*

As a result of the well-pleaded complaint rule, few interpleader complaints have been found to qualify for federal question jurisdiction. Interpleader is a procedural device available to a stakeholder to resolve a dispute that exists primarily between the defendant claimants. The stakeholder's claim is typically one seeking discharge and is difficult to characterize as asserting either federal or state rights. *Morongo Band v. California State Board of Equalization,* 858 F.2d at 1383.

■ Several circuits have recognized that interpleader actions should be treated in the same manner as declaratory judgment actions with regard to the well-pleaded complaint rule. *See Commercial Union·Insurance Company v. United States,* 999 F.2d at 585; *Morongo Band v. California State Board of Equalization,* 858 F.2d at 1384; *Bell & Beckwith v. United States,* 766 F.2d at 912–913. Both interpleader and declaratory judgment actions "enable a defendant to precipitate a plaintiff's suit in order to avoid multiple liability or other inconvenience." *Commercial Union v. United States,* 999 F.2d at 585 (quoting *Bell & Beckwith v. United States,* 766 F.2d at 914). In those cases, although the plaintiff's claim does not raise a federal question, it may stake the federal court's jurisdiction on a defense to a claim that would raise a federal question and that the defendant could have asserted in a coercive action. *Commercial Union v. United States,* 999 F.2d at 585; *Bell & Beckwith v. United States,* 766 F.2d at 912. Therefore, where the complaint in an interpleader action seeks to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal question jurisdiction. *Bell & Beckwith v. United States,* 766 F.2d at 913. *See also Public Service Com. v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952) (dictum).

Defendant Willie McCoy alleges in his counterclaim that plaintiff Boatmen's Bank refused to add his name to the account of Mr. Washington Brim pursuant to a Durable Power of Attorney authorizing defendant to "collect the proceeds and to withdraw funds from my [bank] account[s]" and directing all banks to "grant access and/or control to my attorney-in-fact with respect to [bank account funds]." Defendant further alleges that plaintiff's refusal to honor the Durable Power of Attorney was "unreasonable, arbitrary, and invidious discrimination based upon Defendant's status as a member of the African–American race" in violation of 42 U.S.C. § 1981. In his opposition to plaintiff's motion to remand, defendant Willie McCoy argues that "because federal question jurisdiction of Defendant McCoy's claim against Plaintiff would have existed without Plaintiff's filing the interpleader action, federal question jurisdiction sufficient for removal is present".

■ The Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420 (1983), held that jurisdiction is proper in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial federal question." Subsequently, many courts, noting the similar procedural posture maintained by both interpleader and declaratory judgment actions, have construed the principles of *Franchise Tax Board* to mean that federal courts may exercise jurisdiction over interpleader actions that do not state a federal question on the face of a well-pleaded complaint, provided that the stakeholder's right to relief necessarily depends on the resolution of a substantial question of federal law. *Commercial Nat'l Bank v. Demos,* 18 F.3d 485, 488 (7th Cir.1994). Therefore, in order to determine whether federal question jurisdiction exists, the court must determine whether the resolution of a substantial question of federal law will provide the plaintiff with the relief it seeks. *Id.*

If resolution of a state law claim will negate the need for a resolution of any federal law claim, the interpleader action does not arise under federal law. *Bell & Beckwith v. United States,* 766 F.2d at 915. In *Bell & Beckwith v. United States,* Bell & Beckwith, a stock brokerage company, managed an account in the name of Donna Cannon. The Internal Revenue Service claimed that Ms. Cannon was merely acting as a nominee of Dr. Alan Zimmer who provided the funds and set up the account and who owed back taxes. The Internal Revenue Service levied a tax lien on the account, and Donna Cannon demanded full payment after claiming ownership of the account. Bell & Beckwith brought an interpleader action in federal court to resolve adverse claims to the account. The court dismissed the case for lack of subject matter jurisdiction holding that the real question was one of state law—to whom the account belonged. Since resolution of that question in favor of Ms. Cannon would have obviated the need for determination of the Internal Revenue Service's right to the fund under 26 U.S.C. § 6331(a)[2], federal law did not create the cause of action and a substantial question of federal law was not a necessary element of the plaintiff's cause of action. It was possible to resolve the entire case without ever addressing the federal question.

In a similar case, *Morongo Band of Mission Indians v. California State Board of Equalization,* 858 F.2d 1376 (9th Cir.1988), the Morongo Band leased Indian trust land from Clive Miller. Later, the Board of Equalization levied on the funds held by the Morongo Band owed to Miller as rent. Miller claimed that the rent was exempt from the levy pursuant to 25 U.S.C. § 410 and counterclaimed that the Morongo Band violated the Indian Civil Rights Act, 25 U.S.C. § 1302. The court dismissed the case for lack of subject matter jurisdiction holding that the real question was one of state law. "Had the Band not instituted the present [interpleader] action, Miller would have sought recovery of the disputed rents by instituting an action against the Band for breach of lease." *Morongo Band of Mission*

*Indians v. California State Board of Equalization,* 858 F.2d at 1385. In addition, the court held that "Miller's claim [of violation of the Indian Civil Rights Act] is not a claim to rent under the lease, hence it is not one of the coercive actions anticipated by the Bank's interpleader claim." *Id.* at 1386 n. 8.

In this case, I find that the real question at issue is the state law claim of whether the Durable Power of Attorney was valid. If that claim is resolved against defendant Willie McCoy, then the need to determine McCoy's § 1981 claim is obviated. Therefore, I find that there is no subject matter jurisdiction and this case should be remanded.

Plaintiff argued that defendant's § 1981 counterclaim was filed out of time and therefore could not be a basis for federal jurisdiction. Since this is a question of first impression in the Eighth Circuit and my decision on this issue would be dicta in light of the above findings, I decline to address the issue of when service was proper pursuant to Federal Rule of Civil Procedure 81(c).

## IV. CONCLUSION

Because defendant's § 1981 counterclaim cannot be a basis for federal jurisdiction since resolution of the state law claim of the validity of the Durable Power of Attorney against defendant Willie McCoy would obviate the need to determine the § 1981 claim, it is

ORDERED that plaintiff's motion to remand is granted on the grounds that removal was without jurisdiction. It is further

ORDERED that the Clerk of Court for the Western District of Missouri return this action to the Circuit Court of Jackson County, Missouri.

The Court chooses not to award attorneys fees and costs.

2. Providing that the Internal Revenue Service may levy upon all property and rights to property

belonging to a person who refused to pay his taxes.