Joseph ELFELT and Joan
F. Elfelt, Plaintiffs,

v.

UNITED STATES of America, Roy
James Palmer, and Vicki Lynn
Palmer, Defendants.

No. 98–10256–BC.

United States District Court,
E.D. Michigan,
Northern Division.

Oct. 28, 2003.

Stephen J. St. Amant, Lansing, MI, Tina S. Gray, Williamston, MI, for plaintiff/counter-defendant.

Roy James Palmer, Petoskey, MI, Pro Se, for defendant.

Kevin T. Smith, Lansing, MI, for counter-defendant.

Thomas P. Cole, Washington, DC, for defendant/counter-claimant.

### OPINION AND ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT

LAWSON, District Judge.

This case comes before the Court once again after remand from the United States Court of Appeals for the Sixth Circuit. The plaintiffs acquired title to a certain parcel of real estate located in Cheboygan County, Michigan by purchasing a tax

882

deed to the property. They filed the present action to quiet title to the property in their name, naming as defendants the delinquent taxpayer, Roy James Palmer, and his former wife, Vicki Lynn Palmer,[1] and the United States, which appeared of record as a lienholder after having filed federal tax liens to secure the payment of unpaid federal income taxes for the years 1986, 1987, 1990, and 1991. Palmer, the delinquent taxpayer, made an attempt to redeem the property in January 1998 after the tax deed had been given, but that effort was rebuffed by the Cheboygan County Treasurer as untimely, since it was made outside the six-month period following service of the redemption notice, as prescribed by Mich. Comp. Laws § 211.73a. The parties agree that the enforceability of the government's tax lien is dependent on the vitality of Palmer's interest in the property. The plaintiffs, therefore, moved for summary judgment on their claim, seeking to extinguish the government's lien. This Court's predecessor, the Honorable Victoria A. Roberts, denied that motion and granted the government's cross motion for summary judgment, reasoning that Palmer's attempt to redeem the property was made within six months of the later service of the redemption notice on the government, and therefore it was timely. Judge Roberts extinguished the plaintiffs' interest in the property, subject to certain equitable rights, and entered judgment in favor of the government.

The court of appeals reversed, and held that Palmer's attempt to redeem was indeed untimely. *Elfelt v. United States,* 47 Fed.Appx. 386, 2002 WL 31164452 (6th Cir.2002) (unpublished). The court applied the relevant statute according to the interpretation given it by Michigan's intermediate appellate court in *Halabu v. Behnke,* 213 Mich.App. 598, 541 N.W.2d 285 (1995), and concluded that when Palmer failed to redeem the property within six months of service of the redemption notice *on him,* his rights in the property, and thereby the government's as well, were extinguished. On the way to this decision, the court questioned the district court's subject matter jurisdiction, but left the issue to be addressed on remand. The court of appeals then remanded the case to this Court for further proceedings.

On remand, the Court directed the parties to brief the jurisdictional issue. After a status and scheduling conference and further discovery, the parties also filed cross-motions for summary judgment. The United States claimed that Mr. Palmer in fact tendered funds to the county treasurer on an earlier occasion to redeem his property from the 1990 tax sale that ultimately led to the tax deed held by the plaintiffs. The government argued that in August 1995, the property was subject to tax delinquencies for several years, and that an employee at the Cheboygan County Treasurer's office incorrectly applied the payment Palmer tendered to the 1991 tax sale instead of the 1990 tax sale, as Mr. Palmer alleges he requested. Therefore, the United States claimed, Mr. Palmer properly redeemed his property and the plaintiffs should give his property back to him through a quit claim deed. The plaintiffs, on the other hand, argue that the Sixth Circuit's mandate precludes the United States from raising that argument and that the only issue left to be decided is the jurisdiction issue raised by the Sixth Circuit.

This Court scheduled oral argument on the cross motions, but the parties request-

1. The Palmers' marriage ended in divorce, and it does not appear that Vicki Lynn Palmer has a continuing interest in the property. She has not appeared in this case, and her default was entered on September 24, 1998.

ed an adjournment of the hearing in order to take the deposition of a witness who, the parties believed, could cast some light on the question of whether the August 1995 redemption payment was properly applied. The Court granted the request and adjourned the hearing on the motions to October 27, 2003. On that date, the parties submitted a stipulation to the Court in which the government withdrew its motion for summary judgment, as well as its opposition to the plaintiffs' motion for summary judgment. The jurisdictional issue, however, remains contested.

## I.

The jurisdiction issue was identified by the court of appeals in a footnote to its opinion, which states:

> According to the complaint, federal jurisdiction was based on 28 U.S.C. §§ 1346 and 2410 and 26 U.S.C. § 7425. The government's appellate brief tells us that the district court had jurisdiction over the complaint by reason of 28 U.S.C. §§ 1346(f) and 2410, and adds that jurisdiction over the government's subsequently-filed counterclaim existed under 26 U.S.C. § 7402(a) and 28 U.S.C. § 1345.

> At first blush, we see no reason to question the government's assertion that the district court had jurisdiction with respect to the counterclaim; § 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States," and the counterclaim may well be such a proceeding. As far as jurisdiction over the Elfelts' case is concerned, however, we are somewhat more dubious.

> We find nothing in 28 U.S.C. § 1346 that gives the district court jurisdiction over the Elfelts' quiet title action. The subsection cited by the United States, § 1346(f), provides only that "[t]he district courts shall have exclusive original

jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." The Elfelts' action is not an action under § 2409a, which allows the United States to be named as a defendant in a suit to adjudicate legal title to real property in which the United States claims an interest "other than a security interest. . . ." The lien is clearly a security interest.

Section 2410(a) provides that the United States may be named a party in any suit to quiet title to property on which the United States has or claims a lien. Most authorities, however, view this as a waiver of sovereign immunity, pure and simple, and not a positive grant of jurisdiction. See, *e.g., McNeill v. Franke,* 171 F.3d 561, 563 (8th Cir. 1999); *Harrell v. United States,* 13 F.3d 232, 234 (7th Cir.1993); *Shaw v. United States,* 331 F.2d 493, 496 (9th Cir.1964); and 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3656 (3d ed.1998). *But cf. United States v. Morrison,* 247 F.2d 285, 290 (5th Cir.1957), where the Fifth Circuit took the opposite view.

In *Shaw,* the Ninth Circuit held that the federal courts have jurisdiction over cases of this sort by reason of 28 U.S.C. § 1340, which gives the district court original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue. . . ." Our own circuit does not seem to have opined on the matter.

The jurisdictional issues have not been briefed here, and we are reluctant to attempt a definitive resolution at this point. Because jurisdiction probably exists as to the counterclaim, at a minimum, and because the case must be remanded in any event, we leave the

jurisdictional nuances for the district court to address in first instance. *Elfelt*, 47 Fed.Appx at 389 n. 2, 2002 WL 31164452, at *3 n. 2. Judge Karen Moore, in a concurring opinion stated, "I join all of the majority opinion except for footnote two. I believe that we must determine whether federal subject matter jurisdiction exists before proceeding further. I would hold that the district court had jurisdiction over the complaint pursuant to 28 U.S.C. §§ 1340 and 2410(a)." *Id.* at 394, 2002 WL 31164452, at *7.

## II.

■ Federal courts have subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal courts have jurisdiction under Section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law.'" *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

Title 28, Section 1340 of the United States Code states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." Title 28, Section 1345 of the United States Code states that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." Title 28, Section 2410(a) of the United States Code states,

in relevant part, that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—to quiet title to, to foreclose a mortgage or other lien upon, to partition, to condemn, or of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien."

In a brief filed in this Court, the government argues that this Court lacks jurisdiction to hear the plaintiffs' claim. The government contends that under *Bell & Beckwith v. United States*, 766 F.2d 910 (6th Cir.1985), there can be no federal jurisdiction until after an adjudication of defendant Palmer's state law rights to the property. The *Bell & Beckwith* court specifically held that "if the determination of [a] state law question ... may have obviated the need for any federal issue, federal jurisdiction would be inappropriate." *Id.* at 915. The government maintains, therefore, that before this Court can consider whether the government properly redeemed the property under 26 U.S.C. § 7425, the Court must determine whether defendant Palmer's interest in the property has been divested, a state law question.

■ This Court believes, however, that it has jurisdiction under 28 U.S.C. § 1340. The original complaint to quiet title noted that the government had an interest in the land based on a federal tax lien under the revenue laws of the United States. *See* Complaint, ¶ 9. The plaintiffs alleged that the government attempted to redeem the land on "the 120th day, but failed to pay the required redemption amount." *Id.*, ¶ 16. The "amount" that the United States was required to tender was the subject of a genuine dispute when this lawsuit was filed; the dispute arose from

the potential conflict between a state statute and federal law. Under 26 U.S.C. § 7425(d)(2), "[i]n any case in which the United States redeems real property ... the amount to be paid for such property shall be the amount prescribed by subsection (d) of section 2410 of title 28 of the United States Code." Section 2410(d) of Title 28 sets forth a formula calling for payment of a sum equal to the actual amount paid by the purchaser of the tax deed, plus interest and a fair rental value. However, Section 211.140 of the Michigan Compiled Laws states that the redemption amount must include "all sums paid for the tax sale purchase, together with 50% in addition, and the fees of the sheriff for the service or cost of publication of [the redemption] notice." The government did not pay the additional fifty percent, and the plaintiffs alleged, therefore, that the government's tender was ineffective despite the provision of the federal statute. Later, the government conceded that its tender was not effective to properly redeem the property, but at the time the complaint was filed, it was an open question.

The Sixth Circuit has not opined whether jurisdiction is conferred under 28 U.S.C. § 1340 where a complaint to quiet title alleges that a federal tax lien is invalid under federal law. Therefore, the Court must turn to other authority.

In *Shaw v. United States*, 331 F.2d 493 (9th Cir.1964), the plaintiffs filed a complaint to have a tax assessment adjudged void and to enjoin the collection of the tax. The government moved to dismiss on jurisdictional grounds and the lower court dismissed the complaint, finding that there was no jurisdiction under 28 U.S.C. § 2410. The Ninth Circuit agreed, holding that the language of Section 2410, which allows the United States to be named as a party to quiet title actions where the government claims a lien on real property,

does not confer subject matter jurisdiction upon federal courts, but only serves as a waiver of sovereign immunity. The court held, however, that "where a plaintiff alleges that he is the owner of land upon which a federal tax lien is claimed, and specifically alleges reasons why the claim is invalid, he has stated a claim within the federal jurisdiction authorized by 28 U.S.C. § 1340." *Id.* at 496. The court therefore determined that the lower court should not have dismissed the plaintiff's complaint for jurisdictional reasons.

Likewise, in this case, the plaintiffs alleged in their complaint that the government did not properly redeem the property because, despite the language in a federal statute, state law governed, and the government did not comply with it. The plaintiffs right to relief necessarily depended on the resolution of the government's right to redeem; the dispute, although no longer live, stated a substantial federal question. *See Thornton,* 895 F.2d at 1133. To be sure, state law claims relating to Mr. Palmer's interest in the property were raised as well. However, since there is jurisdiction under Section 1340, then the Court may exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a) because the state law claims are related to the federal claim and form part of the same case and controversy.

■ The government filed a counterclaim in the case seeking to enforce its tax lien. As a result, another basis for jurisdiction exists under 28 U.S.C. § 1345 because the government became a "plaintiff" in this case when it filed its compulsory counterclaim. Although no Sixth Circuit precedent speaks to this issue, in *Amoco Production Co. v. United States*, 852 F.2d 1574 (10th Cir.1988), the court held that federal jurisdiction can be conferred upon a district court by 28 U.S.C. § 1345 when

the government files a counterclaim. In *Amoco*, the plaintiffs brought an action to quiet title under 28 U.S.C. § 2409a, the Quiet Title Act. The government claimed that it owned a fifty percent mineral interest in the land. The lower court concluded that the plaintiffs' action was time-barred under Section 2409a(f). On appeal, the government recognized that the lower court's time-bar ruling potentially divested the lower court's jurisdiction to reach the merits of the quiet title issue. Thus, the government sought to affirm the court's jurisdiction to resolve the merits by claiming that its answer contained a counterclaim on the quiet title question. The Tenth Circuit agreed, finding that the government's counterclaim was founded on independent jurisdiction conferred by 28 U.S.C. § 1345. *Id.* at 1579. "The fact that the United States' action was brought as a counterclaim is immaterial because the independent jurisdiction allows the district court to adjudicate the counterclaim despite the dismissal of the original complaint." *Ibid. See also National Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388–89 (3d Cir.1973) (holding that where jurisdiction of the counterclaim is independent, "the counterclaim must be allowed to proceed without regard to the fate of the original claim"); *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 753 (2d Cir. 1996) (concluding that "where a court dismisses an action for lack of subject matter jurisdiction, it may nonetheless adjudicate a counterclaim presenting an independent basis for jurisdiction").

In this case, the government's counterclaim seeking to set aside the tax deed under which the plaintiffs claimed title confers an independent basis for jurisdiction under Section 1345. Even if jurisdiction over the original complaint under Section 1340 was wanting, the Court would find that it could proceed by construing the Elfelts' complaint as a counterclaim arising out of the same nucleus of operative facts over which supplemental jurisdiction would lie under 28 U.S.C. § 1367.

The Court believes that the government's reliance upon *Bell & Beckwith, supra*, is misplaced. In that case, the government levied a tax lien on an investment account, the ownership of which was disputed, in an effort to collect tax liabilities. The stockbroker managing the account brought an interpleader action to resolve the ownership issue. On appeal, the Sixth Circuit found that the lower court lacked jurisdiction to rule on the interpleader claim, even if the stockbroker may have been anticipating a federal question defense. The court determined that any defense the broker may have had would have arisen under state law. Therefore, the court held that federal jurisdiction would not lie because a determination of ownership, necessarily resolved under state law, would obviate the need for resolution of any federal issue. *Bell & Beckwith*, 766 F.2d at 915.

The government argues that before the Court could consider whether the government properly redeemed under Section 7425, the Court was required to determine whether defendant Palmer's interest in the property had been properly divested, which is a state law question. It is true that the government's lien would have value if Palmer's interest in the property were revived by determining that Palmer's redemption attempt was timely according to state law. However, the efficacy of the government's own attempt to redeem presented a separate issue that raised a substantial federal question, as discussed above. That feature readily distinguishes this case from *Bell & Beckwith*, which therefore is not applicable here.

### III.

The Court finds that subject matter jurisdiction exists to adjudicate the plaintiff's

quiet title action on two separate bases. The government's last-minute filing in which it withdrew its motion for summary judgment and its opposition to the plaintiffs' summary judgment motion leaves no other issue to be decided.

Accordingly, it is **ORDERED** that the plaintiffs' second motion for summary judgment [dkt # 89] is **GRANTED**.

It is further **ORDERED** that the government's second motion for summary judgment [dkt # 90] is **DENIED**.

It is further **ORDERED** that title to the subject property is quieted in the plaintiffs in accordance with the tax deed. The plaintiffs are directed to submit a form of judgment to the Court, after first seeking concurrence in the form from the defendants, on or before **November 10, 2003**.