ST. LOUIS UNION TRUST CO., a
corporation, Appellee,

v.

Andrew L. STONE, Appellant,

and

United States of America, Appellee.

ST. LOUIS UNION TRUST CO., a
corporation, Appellant,

v.

Andrew L. STONE, M. Jeanne Stone and
United States of America, Appellees.

Nos. 77–1354 and 77–1380.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1977.

Decided Feb. 21, 1978.

Michael J. Saltzman, New York City (argued), and Gerard F. Hempstead, St. Louis, Mo., on brief, for appellant Andrew Stone (No. 77–1354).

Juan D. Keller of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo. (argued), Thomas S. McPheeters, Jr., and Robert F. Scoular, St. Louis, Mo., on brief, for appellant St. Louis Union Trust Co.

Michael Roach, Tax Div., and Alexander Younger, Civ. Div., Dept. of Justice, Washington, D. C., argued, for appellees.

Before WEBSTER and HENLEY, Circuit Judges, and SMITH, Senior District Judge.[*]

WEBSTER, Circuit Judge.

This is a consolidated appeal by appellants St. Louis Union Trust Company (the Trust Company) and Andrew L. Stone from an order of the District Court dismissing the Trust Company's interpleader action for lack of jurisdiction.

The Department of Justice, alleging that appellant Stone and others had perpetrated a fraud against the United States, instituted a civil action against them in the Eastern District of Missouri claiming several million dollars in damages.[1] In order to avoid attachment proceedings initiated by the government against Stone in aid of its civil action, Stone entered into an escrow agreement with the United States and the Trust Company, providing that Stone would deposit various securities into an escrow account with the Trust Company acting as escrow agent. The Trust Company agreed to hold the escrowed securities, reinvesting the principal of securities falling due, pending the outcome of the government's civil fraud action against Stone. The escrow agreement also provided that the Trust Company, after deducting its own fees and expenses, would deposit any dividends and interest received on the escrowed assets in Stone's account at the First National Bank of St. Louis. Stone's ability to transfer such income, however, was limited.

As a part of the escrow agreement, the United States agreed that the Civil Division of the Department of Justice would refrain from instituting attachment proceedings and would use its best internal efforts to dissuade other governmental agencies from proceeding by way of attachment or other lien against Stone's assets. On February 8, 1972, however, the District Director of Internal Revenue Service at St. Louis filed a notice of lien against Stone's escrowed assets and the Trust Company was advised to retain possession of the escrowed assets. The Trust Company complied. On March 9, 1976, the Trust Company was served by a revenue officer with a further notice of levy and a demand for all of Stone's assets by March 15, 1976. On March 12, 1976, the Trust Company received a telegram from Stone's attorney insisting that the levy was unlawful and threatening to institute legal proceedings if the Trust Company complied with the revenue officer's demands. On April 22, 1976, the IRS released the principal of the escrowed property from its March 9, 1976 levy.

Faced with this situation, the Trust Company, on March 15, 1976, brought this action in the nature of interpleader seeking: (1) an injunction restraining the government from enforcing its levies against the Trust Company pending resolution of the dispute; (2) an order declaring the Trust Company's rights and duties under the escrow agree-

---

[*] The Honorable Talbot Smith, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

[1.] This action was ultimately consolidated with other actions brought by the government against Stone and is currently pending in the United States District Court for the District of Columbia. *See In re Alsco-Harvard Fraud Litigation*, 325 F.Supp. 315 (Jud.Pan.Mult.Lit. 1971).

ment; (3) a determination of whether the IRS action terminated the escrow; and (4) an order awarding the Trust Company its fees and expenses, including reasonable attorney's fees. Stone, who supports the Trust Company's interpleader action, filed a cross-claim against the government for breach of its promise to use best efforts to dissuade other governmental agencies from instituting proceedings against his assets. Stone also counterclaimed against the Trust Company demanding that it be ordered to pay him the income from the escrowed assets and seeking damages for its failure to do so. (Both the counterclaim and the cross-claim were designated in the pleadings as an affirmative defense.)

The District Court granted the United States' motion to dismiss the interpleader action for lack of jurisdiction, subject only to fees and expenses the Trust Company claimed as escrow agent. The District Court held that, as an interpleader action, the Trust Company's claims were governed by 28 U.S.C. § 1335, the federal interpleader statute (which was not relied upon by appellants) or Fed.R.Civ.P. 22. The Court found there was no minimal diversity under § 1335, and there was neither complete diversity nor a federal question under Rule 22. The District Court also dismissed Stone's cross-claim against the government for breach of contract.

## I

▪ The Trust Company relied on Fed.R. Civ.P. 22 in bringing its interpleader action.[2] Jurisdiction for such actions must be based upon the general jurisdiction statutes applicable to civil actions in the federal courts. *See* 7 C. Wright & A. Miller, Federal Practice and Procedure § 1710 at 399 (1972). The Trust Company does not assert diversity of citizenship as a basis for jurisdiction in this action; rather, it relies on various federal statutes that provide for federal jurisdiction[3] as well as 28 U.S.C. § 1331, the general federal question jurisdiction provision. For the reasons stated herein, we hold that the District Court had jurisdiction under 28 U.S.C. § 1331 to entertain the Trust Company's interpleader action.

Federal tax liens are specifically governed by a detailed federal statutory scheme.[4] The Supreme Court has recognized that "matters directly affecting the nature or operation of such liens are federal questions, regardless of whether the federal statutory scheme deals with them or not." *United States v. Brosnan*, 363 U.S. 237, 240, 80 S.Ct. 1108, 1110, 4 L.Ed.2d 1192 (1960).

▪ Therefore, in determining the nature or operation of government tax liens, federal courts must look to federal law. It necessarily follows that there is federal jurisdiction to decide such questions since they "arise under the Constitution, laws or treaties of the United States . . ." when the amount exceeds $10,000.[5] Since the amount in controversy in this action clearly exceeds $10,000 and involves "matters directly affecting the . . . operation of [federal tax] liens," *United States v. Brosnan, supra*, 363 U.S. at 240, 80 S.Ct. at 1110, we are convinced the District Court had subject matter jurisdiction over the Trust Company's interpleader action.[6]

---

**2.** Fed.R.Civ.P. 22 provides in part:
(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. . . .

**3.** Appellants cite 26 U.S.C. § 7426 and 28 U.S.C. §§ 2410 and 1340 in support of federal jurisdiction.

**4.** *See, e. g.,* 26 U.S.C. §§ 6321–6323, 6325.

**5.** Interestingly, the government does not respond at all to the Trust Company's argument

that the District Court had jurisdiction under 28 U.S.C. § 1331. Nowhere in the government's brief is *United States v. Brosnan*, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960), discussed, distinguished, or even mentioned.

**6.** Our decision that there is federal question jurisdiction under 28 U.S.C. § 1331 makes unnecessary a determination of whether the District Court had jurisdiction under the other statutes upon which the Trust Company relies. *See* note 3 *supra*.

The government argues, *inter alia*, that, under 26 U.S.C. § 7426, taxpayers are precluded from maintaining a direct action against the government. Therefore, the taxpayer by threatening to sue the Trust Company should not be permitted to achieve indirectly via interpleader what it cannot achieve directly under § 7426. *See also* 26 U.S.C. § 7421(a) (Supp.1977); *Rosenblum v. United States*, 549 F.2d 1140 (8th Cir. 1977).

The Trust Company's complaint seeks a declaration of its rights and obligations under the escrow agreement. Specifically, it is concerned with its duty to transfer Stone's property to the Internal Revenue Service under 26 U.S.C. § 6332(a) and its potential liability to Stone if it complies with the Internal Revenue Service's levy or, under 26 U.S.C. § 6332(d), whether it is immune from such liability.

Stone is currently litigating the merits of the government's tax claim against him in the United States Tax Court.[7] He does not attempt to litigate that claim here.

The District Court did not address the complex statutory scheme for tax collection because of its finding, here held to be erroneous, that it lacked subject matter jurisdiction. We intimate no view whether the complaint states a claim upon which relief can be granted or whether declaratory relief has been substantially circumscribed by the statutes limiting the extent and means by which tax issues may be raised. We think it appropriate that we have the benefit of the District Court's full analysis of the merits upon a more complete record.

II

The District Court also dismissed Stone's cross-claim against the government for breach of contract pursuant to the Tucker Act, 28 U.S.C. § 1346. The Court held that actions against the government under the Tucker Act can only be brought in a district court if the amount in controversy is less than $10,000, unless a party specifically waives any claims in excess thereof. Here, the action involved millions of dollars. Since Stone had not waived the excess, the Court dismissed Stone's cross-claim without prejudice.

■ Under 28 U.S.C. § 1346(a)(1), federal district courts have jurisdiction of "any . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States. . . ." Since Stone's cross-claim for breach of contract against the United States was in excess of $10,000, the District Court properly dismissed it without prejudice. Stone is not precluded from bringing an appropriate proceeding in the Court of Claims.

*Conclusion*

We vacate the District Court's dismissal of the Trust Company's interpleader action for lack of subject matter jurisdiction and remand for disposition consistent with this opinion. We affirm the Court's dismissal, without prejudice, of Stone's cross-claim against the United States.

---

7. According to the government's brief, Stone and his wife have filed petitions in the United States Tax Court challenging the tax deficiencies alleged by the Internal Revenue Service. *See Stone v. Commissioner*, Nos. 5311–72, 5312–72, 2460–75 (T.C., filed July 1972).