**AMOCO PRODUCTION COMPANY,**
Plaintiff,

v.

**ASPEN GROUP, Floyd R. Hester, Carol B. Hester, and United States of America, Defendants.**

No. Civ.A. 97–B–2630.

United States District Court,
D. Colorado.

July 2, 1998.

John R. Riley, Montgomery, Little & McGrew, P.C., Englewood, CO, for Plaintiff.

Arthur P. Yoon, Trial Attorney, Tax Division, Washington, DC, for Defendants.

Floyd R. Hester, Carol B. Hester, pro se.

MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant, the United States of America (the United States), moves to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The motion is adequately briefed and oral argument will not materially aid its resolution. Jurisdiction exists pursuant to this court's inherent authority to enter orders "necessary or appropriate" in aid of its jurisdiction. 28 U.S.C. § 1651. For the reasons set forth below, I deny the United States' motion to dismiss.

## II. LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. See U.S. CONST. art. III, § 2; *Morris v. City of Hobart,* 39 F.3d 1105, 1110 (10th Cir.1994), *cert. denied,* 514 U.S. 1109, 115 S.Ct. 1960, 131 L.Ed.2d 852 (1995). Statutes conferring jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen,* 337 F.2d 160, 161 (10th Cir.1964).

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). When a party moves to dismiss a pleading because the pleading does not establish sufficient grounds for the court's jurisdiction, whether the district court has jurisdiction "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir.1971). Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *Holt v. United States,* 46 F.3d 1000, 1002–1003 (10th Cir.1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *Holt* at 1003. Although the district court may consider evidence outside the pleadings, generally the motion is not converted to a Rule 56 motion for summary judgment unless the jurisdictional question is intertwined with merits of the case. *Bell v. United States,* 127 F.3d 1226, 1228 (10th Cir.1997).

## II. BACKGROUND FACTS

I derive the following material facts from the allegations of the interpleader complaint. On June 21, 1971, Floyd Hester and Carol Hester (collectively, "the Hesters") purchased land near Durango, Colorado, including an oil and gas leasehold. The stakeholder, Amoco Production Company (Amoco), makes periodic royalty payments to the owner of the leasehold. On September 5, 1996, the Hesters transferred or assigned their oil and gas leasehold interest to The Aspen Group.

On August 21, 1997, the Internal Revenue Service (IRS) served Amoco with a notice of levy in the amount of $152,581.62. The notice of levy lists the delinquent taxpayers as "Floyd R Hester & Carol B Hester, 256 Westview Ter, Arlington, TX." The notice of levy also claims that The Aspen Group is the "nominee, transferee, alter ego, agent, and/or holder of a beneficial interest of the Hesters." (Compl. ¶ 13 (quoting Notice of Levy served 8/21/97).) On September 23, 1997, The Aspen Group sent to Amoco a document entitled "Declaration Regarding Unacceptable IRS Levy" (the declaration). Though declaration is signed by the Hesters as "Trustees" of The Aspen Group, the declaration states, inter alia, that The Aspen Group: (1) is not the alter ego of the Hesters; (2) is not the nominee, transferee, alter ego, agent, and/or holder of a beneficial interest of the Hesters; and (3) has "no knowledge of or nexus with" the Hesters. The IRS served Amoco with a second notice of levy on October 24, 1997. On December 16, 1997, the IRS served Amoco with a final demand for payment, which states that Amoco's continued non-compliance would cause the IRS to seek collection of a monetary penalty from Amoco pursuant to the Internal Revenue Code, 26 U.S.C. § 6332. Also on December 16, 1997, Amoco filed an interpleader complaint pursuant to Rule 22 to extricate itself from the conflicting claims of the IRS and The Aspen Group. The United States then filed its motion to dismiss for lack of subject matter jurisdiction, contesting the facial sufficiency of the interpleader complaint.

## III. ANALYSIS OF SUBJECT MATTER JURISDICTION

Amoco commenced this action pursuant to Rule 22, which states, in relevant part: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double

or multiple liability." Fed.R.Civ.P. 22. Unlike the Federal Interpleader Act, 28 U.S.C. § 1335, Rule 22 is merely a procedural device and does not confer subject matter jurisdiction. (*Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C.Cir.1993)); *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir.1988); *Bell & Beckwith v. United States*, 766 F.2d 910, 914 (6th Cir. 1985). *See also* Fed.R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein.") Accordingly, an interpleader action pursuant to Rule 22 must satisfy some statutory grant of jurisdiction. *St. Louis Union Trust Co. v. Stone*, 570 F.2d 833, 835 (8th Cir.1978) (citing 7 C. Charles A. Wright & Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1710, at 399 (1972)).

■ The interpleader complaint states, and Amoco now argues, that general subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While the statutory phrase 'arising under the Constitution, laws, or treaties of the United States' has led to multiple definitions for determining which cases are within the original jurisdiction of the district courts, *see Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Supreme Court has settled on the "well-pleaded complaint" rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). Under this rule, a district court does not have original jurisdiction over a state law cause of action, even if the complaint also asserts federal law deprives the defendant of a defense or that a federal defense is insufficient. *Franchise Tax Bd.*, 463 U.S. at 10–11, 103 S.Ct. 2841 (citing *Taylor, Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), and *State of Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894)). Nonetheless, "[e]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. 2841; *City of Chicago v. Int'l College of Surgeons*, — U.S. —, —, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997).

■ Yet because a stakeholder's interpleader claim "is typically one seeking discharge and is difficult to characterize as asserting either federal or state rights," *Morongo Band of Mission Indians*, 858 F.2d at 1383, a stakeholder may invoke the federal court's jurisdiction by identifying "a defense to a claim that would raise a federal question and that defendant could have asserted in a coercive action." *Bell & Beckwith*, 766 F.2d at 912–913 (6th Cir. 1985); *accord Commercial Union*, 999 F.2d at 585; *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 706 n. 6 (7th Cir.1991); *Morongo Band of Mission Indians*, 858 F.2d at 1384; *Blackmon Auctions, Inc. v. Van Buren Truck Center, Inc.*, 901 F.Supp. 287, 290 (W.D.Ark.1995). The Ninth Circuit stated:

> In an interpleader action, as in an action for declaratory relief the plaintiff seeks an adjudication of claims that the defendants threaten to assert against the plaintiff. Whether the action is styled as one for interpleader or for declaratory relief, the cause of action litigated is not that of the plaintiff but that of the defendants. Federal jurisdiction over both types of actions is proper if the cause(s) of action anticipated by the plaintiff's suit would arise under federal law.

*Morongo Band of Mission Indians,* 858 F.2d at 1384 (citations omitted).

■ The competing claims of the United States and The Aspen Group, as well as their respective threats of litigation, caused Amoco to commence this interpleader action. Had Amoco retained the royalty funds and not filed the interpleader complaint, or had Amoco paid the royalty funds to either party, it risked a state law breach of contract suit by The Aspen Group or an action by the United States for failure to honor the levy. While the state law breach of contract suit by The Aspen Group would not arise under federal law, the action for failure to honor the levy by the United States surely would.

Section 6332 of the Internal Revenue Code, referenced by exhibit to Amoco's interpleader complaint, states, in relevant part:

[A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

\* \* \* \* \* \*

Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest....

\* \* \* \* \* \*

In addition to the personal liability imposed ..., if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable....

26 U.S.C. § 6332. Section 7402 states, in relevant part:

The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402(a); *see also* 28 U.S.C. § 1340 (granting to district courts original jurisdiction over any civil action arising under any act of Congress providing for internal revenue, but not creating federal question jurisdiction in and of itself). The clear consensus of federal courts is that the federal district courts have jurisdiction in a civil action to render any judgment necessary to enforce the internal revenue laws, including actions to enforce liens and levies. *See, e.g. Miller & Miller Auctioneers, Inc. v. G.W. Murphy Industries, Inc.,* 472 F.2d 893, 895 (10th Cir.1973); *Pettyjohn v. Pettyjohn,* 192 F.2d 322, 324 (8th Cir.1951); *United States v. Jones,* 877 F.Supp. 907, 912 (D.N.J.), *aff'd,* 74 F.3d 1228 (3d Cir.1995). Although the mere existence of a federal tax lien does not suffice to present a federal question, the enforcement of a lien or levy against a non-compliant third party certainly presents a federal question, especially when the delinquent taxpayer questions the validity of the levy. Thus, a coercive action brought by the United States against Amoco would present a federal question. Accordingly, federal question jurisdiction exists over this preemptive interpleader action by Amoco.

At least one other court has reached this same conclusion. In *Blackmon Auctions, supra,* an auction firm filed an interpleader action pursuant to Rule 22 to extricate itself from conflicting claims to auction proceeds. One of the claimants was the IRS, which claimed an interest pursuant to a tax lien. The court concluded that "it could not be clearer that the IRS action to enforce the tax lien arises under federal law, since federal law created the cause of action." *Blackmon Auctions,* 901 F.Supp. at 290. I agree with

the *Blackmon Auctions* rationale and will adopt it here.

While the Sixth and Seventh Circuit Courts of Appeal have reached contrary conclusions, these decisions are either unpersuasive or factually dissimilar. In *Commercial Nat'l Bank of Chicago v. Demos,* 18 F.3d 485, 489 (7th Cir.1994), a bank brought an interpleader action to determine the rights of several claimants to funds on deposit with the bank, one of which was the IRS pursuant to a federal tax lien. Applying the well-pleaded complaint rule, the Seventh Circuit held that the anticipated claim of the IRS would fail to raise a substantial federal question even though it would have been brought pursuant to section 7402 of the Internal Revenue Code. Crucial to the court's conclusion, however, was the delinquent taxpayers' previous litigation of the validity and amount of their tax liability in the United States Tax Court and resulting settlement agreement. *Id.* at 489. The only issue remaining, therefore, was the ownership of the account, an issue resolved exclusively by state law. Here, there is no mention of previous litigation or settlement between the IRS and the Hesters. Indeed, the alleged facts indicate that the Hesters contest the validity of the notice of levy.

In *Bell & Beckwith, supra,* a stock broker commenced an interpleader action to resolve ownership of an investment account on which the IRS levied a tax lien. Though recognizing that federal question jurisdiction exists if it would exist in a coercive action by the defendant in cases brought pursuant to Rule 22, the Sixth Circuit held that the anticipated claims of the United States for enforcement of the lien would not present a federal question because "resolution of the threshold question of ownership pursuant to state law could have obviated the need to decide the federal question." Like the Seventh Circuit in *Commercial Nat'l Bank of Chicago,* crucial to the decision of the Sixth Circuit was the failure of the parties to raise any issue except ownership of the investment account, a matter controlled exclusively by state law. Further, as noted by the court in *Blackmon Auctions,* the rationale of some of the cases on which the Sixth Circuit relied in *Bell & Beckwith* are suspect. *See Blackmon Auctions,* 901 F.Supp. at 290–291 (discussing the Sixth Circuit's questionable reliance on *Shoshone Mining Co. v. Rutter,* 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864 (1900), and misreading of *Franchise Tax Bd., supra.*) I reject the United States' argument, therefore, that *Commercial Nat'l Bank of Chicago* and *Bell & Beckwith* provide persuasive authority in this case.

Accordingly, I ORDER that:

(1) defendant the United States' motion to dismiss for lack of subject matter jurisdiction is DENIED; and

(2) this court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1340 by virtue of 26 U.S.C. §§ 6331 and 6332.