**CPS ELECTRIC, LTD. and American Manufacturers Mutual Insurance Company, Plaintiffs,**

v.

**UNITED STATES of America; Internal Revenue Service; Amdursky, Pelky, Fennell, & Wallen, P.C.; and Dean P. Koski, Defendants.**

Nos. 5:01–CV–199, 88 AFTR2D 2001– 5747, 2001–2 USTC 50610.

United States District Court, N.D. New York.

Aug. 24, 2001.

Greene, Hershdorfer & Sharpe, Ronald V. Sharpe, of counsel, Syracuse, NY, for Plaintiffs.

United States Department of Justice, Tax Division, Karen Wozniak, of counsel, Washington, DC, for United States and the Internal Revenue Service.

Amdursky, Pelky, Fennell and Wallen, P.C., Joseph E. Wallen, of counsel, Oswego, NY, for Amdursky, Pelky, Fennell and Wallen, P.C., Dean P. Koski.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, Chief Judge.

### I. INTRODUCTION

On February 8, 2001, CPS Electric, Ltd. ("CPS") and American Manufacturers Mutual Insurance Company ("AMMIC") filed this interpleader action seeking to determine the interests of the United States, Amdursky, Pelky, Fennell and Wallen, P.C. ("Amdursky") and Dean P. Koski in $300,000, representing the gross proceeds of a settlement by and between CPS, AMMIC and Koski of a negligence action Koski had filed in state court on March 24, 1995. The Complaint also named the Internal Revenue Service ("IRS") as a Defendant.

The complaint in this action provides that "[j]urisdiction is founded on the existence of a Federal question arising under the Internal Revenue Code of 1986, Chapter 64 Collection. The question raised is whether or not the Tax Lien as well as the subsequent Tax Levy of the defendants USA and/or IRS, attached to certain funds now held by the plaintiff, AMMIC." *See* Complaint at ¶ 5.

Presently before the Court is the United States' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In support of its

motion, the United States raises two grounds for dismissal. First, it asserts that the claims against the IRS must be dismissed because the IRS is not a suable entity. Second, the United States argues that this Court does not have subject matter jurisdiction over this action because the resolution of a state law question could decide the action and, thus, there is no federal question jurisdiction.

On August 8, 2001, the Court heard oral argument in support of, and in opposition to, this motion. At that time, Plaintiffs acknowledged that the IRS is not a suable entity, and therefore, they conceded that the Court must dismiss their complaint against the IRS. Accordingly, the Court granted the United States' motion with respect to the IRS. At the conclusion of oral argument, the Court denied the United States' motion for judgment on the pleadings and informed the parties that a written decision would be forthcoming. The following constitutes the Court's resolution of this motion.

### II. DISCUSSION

The only question that remains is whether this Court has subject matter jurisdiction over this matter. A party may bring an interpleader action under either the Federal Interpleader Act, 28 U.S.C. § 1335 ("statutory interpleader"), or Rule 22 of the Federal Rules of Civil Procedure ("rule interpleader"). In this case, Plaintiffs rely upon both of these provisions as a basis for their action. Thus, the Court must determine whether Plaintiffs have met the requirements for either or both of these provisions.[1]

---

1. Contrary to Amdursky's and Koski's assertion, "[a]ny discussion of jurisdiction under FRCP Rule 22 or diversity of citizenship" is not a waste of time. *See* Amdursky's and Koski's Memorandum of Law at 1. Unless Plaintiffs have met the requirements for interpleader under either Rule 22 or § 1335, this Court does not have jurisdiction over this matter.

It is clear that statutory interpleader is not applicable to this case. Pursuant to § 1335,

[t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, . . ., if . . .

[t]wo or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; . . .

28 U.S.C. § 1335.

 In the present case Amdursky and Koski are both residents of New York and the United States is not a citizen of any state for purposes of diversity jurisdiction. *See General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 703 (7th Cir.1991). Therefore, there are not "[t]wo or more adverse claimants, of diverse citizenship," claiming title to the funds Plaintiffs are holding. Accordingly, the Court concludes that Plaintiffs cannot rely upon § 1335 as a basis for their interpleader action.

Rule 22 of the Federal Rules of Civil Procedure " 'is merely a procedural device; it confers no jurisdiction on the federal courts.' " *Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 584 (D.C.Cir. 1993) (quoting *Morongo Band,* 858 F.2d at 1382). Therefore, "an interpleader brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction." *Id.* (citation omitted). This may include diversity jurisdiction under 28

U.S.C. § 1332, which "requires diversity between the *plaintiff-stakeholder* and the claimants." *Id.* (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FP & P § 1710, at 537–39). In the alternative, it may include federal question jurisdiction under 28 U.S.C. § 1331. *See id.* at 585.

Plaintiffs may not rely upon § 1332 in the present case because one of the Plaintiffs, CPS, is a New York corporation with its principal place of business in New York, *see* Complaint at ¶ 2, and two of the Defendants, Amdursky and Koski, are citizens of New York, *see* Complaint at ¶¶ 7–8. Thus, the complete diversity between Plaintiffs and Defendants, required by § 1332, is lacking.

Nonetheless, Rule 22 interpleader may still be possible under this Court's general federal question jurisdiction, 28 U.S.C. § 1331, if this action arises under federal law. The Supreme Court has established two standards to determine whether an action "arises under" federal law. "One looks to whether federal law 'creates the cause of action.' " *Banco de Ponce v. Hinsdale Supermarket Corp.,* 663 F.Supp. 813, 816 (E.D.N.Y.1987) (citation omitted). "Where state law creates the cause of action, the other standard asks whether a 'substantial' question of federal law is a necessary element of that cause of action." *Id.* (citations omitted).

 In an interpleader action, "although the plaintiff's claim does not raise a federal question, it may stake the federal court's jurisdiction on 'a defense to a claim that would raise a federal question and that defendant could have asserted in a coercive action.' " *Commercial Union Ins.,* 999 F.2d at 585 (quoting *Bell & Beckwith,* 766 F.2d at 912). In other words, in an interpleader action, " 'federal question jurisdiction exists if such jurisdiction would have existed in a coercive action by the defen-

dant.' " *Id.* (quotation and citations omitted).

In the present case, the United States bases its claim to the funds on the IRS' July 1995 notice of federal tax levy with respect to the outstanding income tax liabilities of Koski. The IRS' letter accompanying that notice of levy stated that the notice attached to any funds due to Koski as a result of the alleged injury which was the subject of the negligence action which he filed in state court in March 1995. *See* United States' Memorandum of Law at 2.[2] Nonetheless, the United States contends that there is no federal question jurisdiction because a threshold question exists as to what rights Koski had in the subject fund when the notice of the federal tax lien was served upon CPS in July 1995. *See* United States' Memorandum of Law at 4.

In support of its claim that this Court does not have subject matter jurisdiction over this action, the United States relies upon the Sixth Circuit's decision in *Bell & Beckwith v. United States of Am., Internal Revenue Serv.,* 766 F.2d 910 (6th Cir.1985). That case arose from an effort to collect the tax liabilities of a Dr. Zimmer. The IRS levied a tax lien on an investment account in the name of Donna Cannon and managed by Bell & Beckwith. The United States contended that Ms. Cannon was merely acting as the nominee of Dr. Zimmer, who provided the funds to set up the account. Therefore, the United States demanded that Bell & Beckwith turn over the property in the investment account. Shortly thereafter, Bell & Beckwith received a letter from Ms. Cannon claiming

ownership of the property and demanding full payment. Bell & Beckwith then brought an interpleader action to resolve the adverse claims to the property in question.

The court began its analysis by noting that an interpleader action is similar to a declaratory judgment action in that "federal question jurisdiction exists if such jurisdiction would have existed in a coercive action by the defendant." *Id.* at 914. Nonetheless, although acknowledging that a coercive action by the United States against Bell & Beckwith for failure to honor a tax levy without reasonable cause would have arisen under federal law, the court concluded that because the real controversy was between Ms. Cannon and the United States over ownership of the funds in the account, which "was purely a question of state law, federal question jurisdiction would not exist in an action between those parties." *Id.* at 916. Thus, the court dismissed the interpleader action for lack of subject matter jurisdiction.

The present case is clearly distinguishable from *Bell & Beckwith.* In that case, two of the claimants, Ms. Carron and Dr. Zimmer, claimed ownership of a brokerage account, against which the United States asserted a tax lien. If the issue of ownership were resolved in favor of Ms. Carron, there would be no need to reach the issue of the tax lien because the United States was asserting its lien against Dr. Zimmer. To the contrary, in the present case, the only two parties who have asserted claims against the funds are Koski (and, through its retainer agreement with him, Amdur-

**2.** Amdursky and Koski assert that they "have specifically alleged separate federal question jurisdiction." *See* Amdursky's and Koski's Memorandum of Law at 2. However, they do not state how their claims are based upon federal law. It appears that Koski's claim to the funds results from the state court settlement of his negligence action; and Amdursky's claim to the funds is based upon its

retainer agreement with Koski. Clearly, neither of these claims has any basis in federal law. Nonetheless, both Amdursky and Koski assert counterclaims against the United States challenging the validity of the IRS' tax levy. These counterclaims may form the basis for their assertion that they have asserted federal question jurisdiction.

sky) and the United States, and the determination of which of those parties is entitled to the funds is clearly dependent upon the resolution of the issue of whether the tax lien is valid.

Furthermore, the Court finds that the reasoning in the cases that Amdursky and Koski cite is more persuasive and, in addition, raises serious concerns about the basis for the Sixth Circuit's decision in *Bell & Beckwith*. *See Amoco Prod. Co. v. Aspen Group*, 8 F.Supp.2d 1249 (D.Colo. 1998); *Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc.*, 901 F.Supp. 287 (W.D.Ark.1995).

In *Blackmon Auctions*, an auctioneer, Blackmon Auctions, conducted an auction which resulted in net proceeds of $53,172.03. Shortly thereafter, Blackmon Auctions learned that a dispute had arisen between two parties over some $20,000 of the proceeds. Then, Blackmon Auctions became aware of another claim when the IRS served Blackmon Auctions with a notice of levy on the auction proceeds for employment tax liabilities owed by one of the individuals who were disputing the ownership of the proceeds.

Based upon these facts, the court concluded that the claims between certain parties were state law claims. Nonetheless, the court found that "it could not be clearer that the IRS action to enforce the

tax lien arises under federal law, since federal law created the cause of action, 26 U.S.C. § 7403(a), ... and it is well-established that a suit 'arises under' federal law if federal law creates the cause of action." *Blackmon Auctions*, 901 F.Supp. at 290 (internal footnote and citation omitted). The court went on to explain that "in cases where 'federal law provides both the substantive right and a remedy for that right ... jurisdiction is taken as a matter of course.'" *Id.* (quoting 13B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3562, p. 40 (1984)). Moreover, the court noted that "Congress has specifically provided for federal jurisdiction in any case involving federal tax law, 26 U.S.C. § 7402, ... and the Eighth Circuit has expressly held that 'matters directly affecting the nature or operation of such [tax] liens are federal questions, regardless of whether the federal statutory scheme deals with them or not.'" *Id.* (internal footnote and quotation omitted).[3] Thus, the court held that it had subject matter jurisdiction over the interpleader action.

The court reached the same result in *Amoco Production*. In that case, an oil and gas lessee, Amoco Production, filed an interpleader action seeking to resolve competing claims to royalty payments between the IRS, which served Amoco Production

---

**3.** The court in *Blackmon Auctions* noted that it was a "mystery ... that both the Sixth and Seventh Circuit Courts of Appeals ha[d] dismissed interpleader actions where one of the claimants was the United States enforcing a tax lien." *Blackmon Auctions*, 901 F.Supp. at 290 (citing *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 489 (7th Cir.1994); *Bell & Beckwith v. United States*, 766 F.2d 910, 912–13 (6th Cir.1985)). Moreover, the court concluded that "the reasons for dismissal given by the Sixth and Seventh Circuits are deficient." *Id.* The court explained that, among other things, the Sixth and Seventh Circuits had mistakenly relied upon *Franchise Tax Bd. v. Construction Laborers Vacation*

*Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). First, the court noted that while "it [was] true that *Franchise Tax* stated that a cause of action does not present a federal question unless it involves a 'substantial question of federal law,' [ ] that is only if the cause of action was created by *state law*." *Id.* at 292 (quotation omitted). Second, the court found that "*Franchise Tax* did not suggest that a federally-created cause of action does not present a federal question merely because it does not present a substantial question of federal law.... [I]f a cause of action is created by federal law, ..., then a federal question exists as a matter of course." *Id.*

with a notice of levy listing the lessors as delinquent taxpayers and The Aspen Group, the entity to which the lessors had transferred their leasehold interest. The United States moved to dismiss for lack of subject matter jurisdiction.

The court began its analysis by noting that

> [h]ad Amoco retained the royalty funds and not filed the interpleader complaint, or had Amoco paid the royalty funds to either party, it risked a state law breach of contract suit by The Aspen Group or an action by the United States for failure to honor the levy. While the state law breach of contract suit by The Aspen Group would not arise under federal law, the action for failure to honor the levy by the United States surely would.

*Amoco Production,* 8 F.Supp.2d at 1253.

The court explained further that "[a]lthough the mere existence of a federal tax lien does not suffice to present a federal question, the enforcement of a lien or levy against a non-compliant third party certainly presents a federal question, especially when the delinquent taxpayer questions the validity of the levy. Thus, a coercive action brought by the United States against Amoco would present a federal question." *Id.*[4] As stated, the court finds the reasoning of *Blackmon Auctions* and *Amoco Production* persuasive.

In the present case, Plaintiffs could have anticipated the following coercive actions: (1) Koski against Plaintiffs; (2) Amdursky against Plaintiffs; (3) the United States against Plaintiffs; and (4) the United States against Koski. There is no dis-

pute that the actions between Koski and the Plaintiffs and Amdursky and the Plaintiffs rest upon state law for resolution. First, Koski's claim against Plaintiffs is based upon the settlement of his personal injury action in state court. Second, Amdursky's claim against Plaintiffs is based upon its retainer agreement with Koski. However, the actions between the United States and Plaintiffs and the United States and Koski clearly arise under federal law. The United States' claim against Plaintiffs is based upon a tax levy which the IRS served upon CPS. Likewise, the United States' claim against Koski is based upon federal law because the United States is attempting to enforce a levy against an allegedly non-compliant tax payer, Koski, who, in turn, challenges the validity of the tax lien. As the court noted in *Blackmon Auctions,* "it could not be clearer that the IRS action to enforce the tax lien arises under federal law, since federal law created the cause of action, 26 U.S.C. § 7403(a), ... and it is well-established that a suit 'arises under' federal law if federal law creates the cause of action." *Blackmon Auctions,* 901 F.Supp. at 290 (internal footnote and citation omitted). Accordingly, the Court concludes that it has subject matter jurisdiction over this case and, therefore, denies the United States' motion for judgment on the pleadings.

## III. CONCLUSION

After carefully considering the file in this matter, the parties' submissions and oral arguments and the applicable law, and for the reasons stated herein as well as at oral argument, it is hereby

---

4. The court in *Amoco Production* distinguished *Bell & Beckwith,* finding that "crucial to the decision of the Sixth Circuit was the failure of the parties to raise any issue except ownership of the investment account, a matter controlled exclusively by state law." *Amoco Production,* 8 F.Supp.2d at 1254. The court further noted that "as noted by the court in *Blackmon Auctions,* the rationale of some of the cases on which the Sixth Circuit relied in *Bell & Beckwith* are suspect." *Id.* (citation omitted). Therefore, the court rejected "the United States' argument ... that *Commercial Nat'l Bank of Chicago* and *Bell & Beckwith* provide persuasive authority in this case." *Id.*

**ORDERED** that the United States' motion for judgment on the pleadings as against the Internal Revenue Service is **GRANTED;** and it is further

**ORDERED** that the United States' motion for judgment on the pleadings is **DENIED;** and it is further

**ORDERED** that Plaintiffs are to deposit the disputed funds in the Court's registry; and it is further

**ORDERED** that after Plaintiffs deposit the disputed funds in the Court's registry, Plaintiffs are discharged from this case.

**IT IS SO ORDERED.**