798 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John POLANSKI, Plaintiff-Appellant,
v.
DETROIT POLICE, 15TH PRECINCT; Coleman A. Young; The City
of Detroit, Defendants-Appellees.
 No. 85-1503.
 United States Court of Appeals,
Sixth Circuit.
 June 6, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon the motion of the appellant, John Martin Polanski, for appointment of counsel. The appellant is appealing the May 29, 1985, order of the district court granting the appellees' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 37. A brief has been filed by the appellant.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the informal brief, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 On March 22, 1981, at about 2:00 a.m., the appellant and his former fiance, Cynthia Kremhelmer, stopped for a sandwich at Tubby's Submarine Restaurant. Following a minor traffic accident in the restaurant parking lot with another car, a high speed chase ensued. The police became involved in the chase and arrested the appellant for felonious assault and felony firearms. The appellant was convicted of aiming and discharging a firearm without malice.
 
 
 4
 The appellant brought suit and alleged that the police officers who arrested him acted in violation of 42 U.S.C. Sec. 1983 by (1) arresting him without probable cause; (2) using excessive force in making the arrest; (3) intentionally providing false information to the Wayne Count y Prosecuting Attorney for the purpose of initiating and pursuing a criminal prosecution against him; and (4) that the appellees were deliberately indifferent to the serious medical needs of the appellant, which he incurred because of the excessive force used by the appellees. The appellant originally filed a pro se complaint but an amended complaint was substituted after the appellant was represented by counsel.
 
 
 5
 The appellant's case was consolidated with that of his former fiance. Each was represented by counsel and a jury was empaneled and sworn. Testimony began on March 11, 1985. The appellant testified that he did not have a gun nor did he fire any shots at the other car or police officers. However, during cross-examination by his fiance's attorney, a letter written by the appellant was introduced which stated that the appellant had fired shots that night. The appellant admitted he had perjured himself, but felt he had no choice or the case of his mishandling by the police would never be heard. The judge declared a mistrial and allowed appellant's counsel to withdraw.
 
 
 6
 Trial was then reset for May 28, 1985, and the appellant was given 20 days in which to retain another attorney. On April 2, 1985, the appellant filed a notice of appearance of plaintiff on behalf of himself.
 
 
 7
 In the meantime, the appellees moved to reopen discovery. A deposition was scheduled for the appellant. He was accompanied to the deposition by a friend. The appellant claimed he had not been able to procure an attorney due to cost and time factors and requested that his companion be allowed into the deposition. When this request was refused he proceeded into the deposition alone and was confronted by three of the police officers who had allegedly beaten him. The appellant claims he felt intimidated, didn't know what to do and claimed the Fifth Amendment privilege against self-incrimination. The deposition was then terminated.
 
 
 8
 The appellees subsequently moved for a dismissal pursuant to Federal Rule of Civil Procedure 37. The judge granted the motion at a hearing attended by the appellant on May 23, 1985. At the hearing the appellant stated that he had found an attorney to represent him but the attorney required time for trial preparation. The district judge remarked on the long and tortured history of the case and set ' out the facts. The district judge found that he had nothing before him to guarantee that counsel would take the case and that the appellees would be prejudiced by a further trial delay. The district judge found that there was no Fifth Amendment privilege because the appellant had already admitted his perjury. He stated that the court had been very lenient with the appellant, but that somewhere the case must come to a conclusion. He therefore gra nted the appellees' motion to strike the complaint.
 
 
 9
 The appellant's supplemental brief alleges that the hearing on the motion to strike was not held in open court nor according to applicable court rules. Furthermore, the appellant asserts that he was not present at the hearing and no record of the hearing exists. The appellant's allegations are totally without merit as indicated by the transcript of the hearing.
 
 
 10
 Federal Rule of Civil Procedure 37 (b) provides that where a party fails to obey a court order directing it to provide or permit discovery, the district court may enter an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." It is further provided under Rule 37(d), Federal Rules of Civil Procedure, that these same sanctions may be imposed on any party who fails to serve answers or objections to interrogatories properly submitted under the rules. The willfulness or good faith of a party when he refuses or fails to obey an order "are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply." Societe Internationale v. Rogers, 357 U.S. 197, 208 (1958). The choice of an appropriate sanction is primarily the responsibility of the trial judge and will not be reversed absent an abuse of discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, rehearing denied, 429 U.S. 874 (1976); Bell & Beckwith v. United States, I.R.S., 766 F.2d 910, 912 (1985).
 
 
 11
 In Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxitex de Guinee, 456 U.S. 694, 707 (1982), the Supreme Court discussed the discretionary sanctions which a district court may invoke as follows:
 
 
 12
 Rule 37(b)(2) contains two standards--one general and one specific--that limit a district court's discretion. First, any sanction must be "just"; second, the sanction must be specifically related to the particular "claim" which was at issue in the order to provide discovery."
 
 
 13
 The judgment of the district court dismissing the case was "just" in light of the long history of the case and the appellant's refusal to testify. The appellant submits that he was confused at the deposition and that he had been unable to procure counsel. However, the appellant had earlier filed a notice indicating he would represent himself (Att. 8). As noted by the district court judge, this case had a long and tortured history. The appellant caused the delay of his case by his perjury and refusal to testify.
 
 
 14
 The sanction of striking the appellant's complaint is also specifically related to the "claim" which was at issue. The appellees wanted to question the appellant about his use of the gun on the night of March 22, 1981. Furthermore, the use of a gun by the appellant could have provoked the police officers into using additional force in arresting the appellant. The appellant had claimed throughout his criminal trial and the instant civil trial that he had not fired a weapon. The letter which came to light in the civil trial could have also jeopardized his criminal appeal process. It is submitted that the appellant's non-compliance supports "the presumption that the refusal to produce evidence ... was but an admission of the want of merit in the asserted defense." Insurance Corp. of Ireland, Ltd., 456 U.S. at 709 (quoting Hammond Packaging Co. v. Arkansas, 1212 U.S. 322, 351 (1909) ).
 
 
 15
 We therefore hold that the district court did not abuse its discretion by striking the appellant's complaint. The appellant's refusal to testify seriously prejudiced the appellees' case. The appellant cannot bring suit in a civil action and then refuse to provide all the evidence.
 
 
 16
 Accordingly, it is ORDERED that the motion for appointment of counsel be denied, and it is ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.